IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMES ROBERT BAILEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-74-RWS-JBB |
| | § | |
| WARDEN, FCI TEXARKANA, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner James Robert Bailey, proceeding *pro se*, filed the above-captioned petition for the writ of habeas corpus, challenging the legality of a prison disciplinary action taken against him. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

**BACKGROUND**

**I.     Factual Background**

On April 8, 2022, prison officials at the Federal Correctional Institution in Texarkana received a tip that a prison cell, which Petitioner shared with three other inmates, may have had cell phones hidden above an upper bunk. Docket No. 1 at 22–23; Docket No. 1-4 at 11; Docket No. 7-4 at 9. The tip, an anonymous note sent to Lieutenant Poindexter, specifically identified two of Petitioner's cellmates—Marcus Morgan and Itzel Gonzalez—as the owners of the phones. Docket No. 7-4 at 9. The cell was searched, and Officer Rebecca Helms found a gray electrical box with loose screws. Docket No. 1-4 at 11. When the box was opened, Helms discovered two cell phones, three charging blocks, and four charging cables. *Id.*

Because the cell phones were found in a common area, all four inmates in the cell were subject to disciplinary proceedings. *Id.* Petitioner had a hearing on April 21, 2022, at which he said

that he was outside when the phones were discovered, he did not know to whom the phones belonged, and they were not his. *Id.* at 13. Nonetheless, the hearing officer concluded that the greater weight of the evidence supported a finding that Petitioner had committed the prohibited act of possession of a hazardous tool, *i.e.*, a cell phone. *Id.* at 14. Petitioner appealed the disciplinary conviction through the Bureau of Prisons grievance procedure, but his appeal was denied. *Id.* at 17.

In his federal habeas petition, Petitioner argued that he was innocent of the charges and stated that the phones were "not found in [his] control or area of responsibility." Docket No. 1 at 2. He also explained that he has a lower bunk pass due to medical issues that make it "impossible if not extremely painful" for him to climb up to the top bunk, where the phones were found. *Id.* at 2, 13. According to Petitioner, on May 31, 2022, his cellmate, Morgan, gave a written statement saying that both of the phones were his. *Id.* at 4. Accordingly, Petitioner argues that there was insufficient evidence to establish that he was in possession of or had control or dominion over the contraband phones. *Id.* at 26. Petitioner further contended that his due process rights were denied by the Bureau of Prisons' failure to timely render a decision on his appeal and by the Bureau of Prisons' alleged failure to notify him of a rehearing of his case. *Id.* at 23–26.

In his answer, the Respondent argued that (1) the Bureau provided Petitioner with the minimum due process required for prison disciplinary hearings, (2) the decision to impose disciplinary action was supported by sufficient evidence, and (3) Petitioner lacked a liberty interest in the grievance procedure. Docket No. 7 at 5–9. Petitioner maintained in reply that there was no evidence supporting the finding of guilt and that he was denied due process "at every stage of the proceedings." Docket No. 9 at 1. Further, Petitioner argued for the first time that the Bureau violated his due process rights by withholding exonerating evidence from him. *Id.* In particular,

Petitioner identified the anonymous tip that named Morgan and Gonzalez as suspects as well as the later confession of Morgan as evidence withheld from Petitioner at the due process hearing. *Id.* at 6.

## II. The Report and Recommendation of the Magistrate Judge

After reviewing the pleadings, the Magistrate Judge issued a report and recommendation, recommending that the habeas corpus petition be denied. *See* Docket No. 14. In reaching that conclusion, the Magistrate Judge examined several cases, including *Flannagan v. Tamez*, in which a cell phone and charger were discovered hidden in a hole in the wall in a cell occupied by inmate Flannagan and five other inmates. Docket No. 14 at 5–7 (citing *Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010)). Flannagan received notice of a disciplinary proceeding against him for possession of a hazardous tool, and Flannagan testified at his hearing that he was unaware of the items or the hole in the wall. *Flannagan*, 368 F. App'x at 587. Nonetheless, he was found guilty based on a theory of constructive possession. *Id.* at 586–87. The Northern District of Texas dismissed Flanagan's habeas petition regarding the disciplinary action and explained that "[a] person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located." *Flannagan v. Tamez*, No. 4:08-CV-465-Y, 2009 WL 649572, at *1, *2 (N.D. Tex. Mar. 12, 2009), *aff'd*, 368 F. App'x 586 (5th Cir. 2010). "In the prison disciplinary context," the court elaborated, "constructive possession provides sufficient evidence of guilt if . . . relatively few inmates have access to the area." *Id.* at *2. The Fifth Circuit affirmed, observing that the fact that the contraband was found in an area that Flannagan shared with only five other inmates amounted to some evidence to support the finding of guilt. *Flannagan*, 368 F. App'x at 588.

The Magistrate Judge also cited *McBride v. Warden, FCI Beaumont Low*, in which two contraband phone chargers were found in a cubicle shared by Petitioner Jeffrey McBride and his

cellmate Hernandez. Docket No. 14 at 7–8 (citing *McBride v. Warden, FCI Beaumont Low*, No. 23-40193, 2024 WL 1886758, at *1 (5th Cir. Apr. 30, 2024)); *see also McBride v. Warden FCI Beaumont Low*, No. 1:21-CV-106, 2023 WL 2434784, at *1 (E.D. Tex. Feb. 2, 2023), *report and recommendation adopted*, No. 1:21-CV-106, 2023 WL 2432480 (E.D. Tex. Mar. 9, 2023), *aff'd*, No. 23-40193, 2024 WL 1886758 (5th Cir. Apr. 30, 2024). McBride argued that there were no doors in the housing unit, and thus 120 inmates had daily access to the cubicle. *McBride*, 2023 WL 2434784, at *3. Hernandez later claimed ownership of the items, but he did not accept responsibility for the items before the hearing officer. *Id.* The district court upheld the disciplinary action taken against McBride on a theory of constructive possession, *McBride v. Warden, FCI Beaumont Low*, No. 1:21-CV-106, 2023 WL 2432480, at *1 (E.D. Tex. Mar. 9, 2023), and the Fifth Circuit affirmed, *McBride*, 2024 WL 1886758, at *1.

By contrast, in *Broussard v. Johnson*, the Fifth Circuit determined that an inmate did not have constructive possession of contraband found in a work area that was accessible to over 100 inmates. 253 F.3d 874, 877 (5th Cir. 2001).

In the present case, as in *Flannagan* and *McBride*, the cell phones and chargers were found in a common area within Petitioner's living space. Thus, the Magistrate Judge concluded that there was sufficient evidence of constructive possession to support the finding of guilt. *See* Docket No. 14 at 8.

Although Morgan later gave a statement claiming ownership of the phones, he did not make such a statement at his hearing and in fact recanted two earlier statements in which he claimed that some or all of the phones were his. Docket No. 1 at 15. The Magistrate Judge stated that the circumstances were similar to *McBride*, where Hernandez did not claim ownership of the contraband at his hearing. Docket No. 14 at 8. The Magistrate Judge added that "[t]he Court cannot

second-guess the credibility determination implicitly made by the prison officials in discounting Morgan's after-the-fact statement, or retry the case and substitute its own opinion for that of those officials." *Id.* Moreover, the Magistrate Judge concluded that Petitioner's alleged disability—which Petitioner claimed prevented him from climbing up to where the cell phones were hidden—did not preclude a finding of constructive possession. *Id.* at 9.

The Magistrate Judge also determined that Petitioner did not have a constitutionally protected liberty interest in the grievance procedure. *Id.* Further, the Magistrate Judge found that the Bureau did not violate Petitioner's due process rights (1) by including an incorrect reference to a rehearing that never occurred in one of its responses to Petitioner's appeal, or (2) by allegedly not timely rendering a decision in response to Petitioner's appeal to the Central Office. *Id.* The Magistrate Judge therefore recommended that the petition for habeas corpus relief be denied. *Id.* at 10.

## ANALYSIS

In his objections, first, Petitioner takes issue with the Magistrate Judge's conclusion that, under Fifth Circuit law, a "hearing officer's decision will be upheld when it is supported by 'some facts . . . [or] any evidence at all." Docket No. 16 at 1; Docket No. 14 at 5 (quoting *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984)). Petitioner argues that the authority relied on by the Magistrate Judge is inapplicable because, under 28 C.F.R. § 541.8(f), if there is "conflicting evidence," "[t]he DHO's decision" cannot merely "be based on at least some facts," but must rather be decided "on the greater weight of the evidence." Docket No. 16 at 1–2 (quoting 28 C.F.R. § 541.8(f)). According to Petitioner, the hearing officer's decision was not supported by the greater weight of the evidence because conflicting evidence established that (1) the anonymous tip identified Morgan and Gonzalez as the owners of the contraband phones; (2) Morgan claimed one

of the phones in an initial interview; (3) Lt. Poindexter noted that he believed that the phones belonged to Morgan and Gonzalez in his investigation report; and (4) only Morgan and Gonzalez were placed in disciplinary segregation as punishment after the phones were initially discovered. *Id.* at 2.

The Fifth Circuit has held that a prison disciplinary hearing officer has discretion to determine the credibility of witnesses and the weight of the evidence, and the federal habeas court cannot second-guess these determinations. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). Instead, the court examines only whether the guilty verdict is supported by some evidence. *Id.* at 536–37; *Adams*, 729 F.2d at 370; *see also Ayers v. Warden, FCI Beaumont*, No. 1:18-CV-140, 2019 WL 511481, at *1 (E.D. Tex. Feb. 8, 2019) (interpreting 28 C.F.R. § 541.8(f) to mandate the same standard of review). A *de novo* factual review is not required. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

As the Magistrate Judge correctly observed, the Fifth Circuit has upheld convictions for possession of a hazardous tool in similar circumstances. Docket No. 14 at 6–8 (citing *Flannagan*, 368 F. App'x at 588, and *McBride*, 2024 WL 1886758, at *1). As in *Flannagan* and *McBride*, here, the Magistrate Judge correctly concluded that there was some evidence to support a finding that Petitioner had constructive possession of the phones. *Id.* at 8. The existence of conflicting evidence does not alter that conclusion. Accordingly, the evidence was sufficient to support a finding of guilt, and Petitioner's first objection is without merit.

Second, Petitioner argues that the Magistrate Judge erred in stating that Petitioner did not dispute the existence of the contraband. Docket No. 16 at 3 (citing Docket No. 14 at 5). According to Petitioner, the Magistrate Judge's statement is incorrect because Petitioner maintained that the phones were not his. *Id.* The Magistrate Judge only explained that Petitioner did not dispute the

existence of the contraband—in other words, that the contraband existed, regardless of who it belonged to. Docket No. 14 at 5. Petitioner has not shown that the Magistrate Judge was incorrect, and Petitioner's objection is without merit.

Third, Petitioner asserts that the cases cited by the Magistrate Judge regarding constructive possession are distinguishable because none of those cases involved conflicting evidence. Docket No. 16 at 3–4. As set forth above, the Magistrate Judge correctly concluded that there was some evidence to support the finding of guilt, and the Court cannot conduct a *de novo* factual review and reweigh the evidence. *See supra* at 6. Accordingly, this objection is without merit.

Fourth, Petitioner seeks to distinguish *McBride* because, unlike in the present case, the inmate who later confessed to being responsible for the contraband items in that case, Hernandez, was not identified as a person suspected of possessing the contraband in a note provided to prison officials. Docket No. 16 at 4. Further, Hernandez did not admit to possessing the contraband during the investigation of the incident, whereas Morgan admitted to owning one of the phones during the investigation and later admitted to owning all the contraband. *Id.*

In *McBride*, inmate Hernandez refused to speak when called as a witness in McBride's hearing, but later signed a statement admitting that the phone chargers were his. 2023 WL 2434784, at *1. However, Hernandez's affidavit was not before the hearing officer, and the district court in *McBride* held that Hernandez's post hoc statement did not upset the court's conclusion that McBride's conviction was supported by some evidence, given that Hernandez refused to testify during McBride's hearing. *Id.* at *3. In the present case, as the Magistrate Judge observed, Morgan admitted during the investigation that one of the phones was his, and Morgan later claimed responsibility for both phones. Docket No. 14 at 3, 8. However, Morgan recanted both of these statements at his disciplinary hearing. *Id.* at 8. Morgan changed his story again after his hearing

and executed a statement claiming that he owned both phones. *Id.* at 3, 8. Petitioner did not present Morgan's statement in his first appeal, but Petitioner presented the statement in every appeal after that. Docket No. 1 at 17.

Here, as in *McBride*, Morgan's post hoc acceptance of responsibility cannot alter the conclusion that the hearing officer's decision was supported by some evidence. *Cf.* 2023 WL 2434784, at *3; *see also Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898–99 (5th Cir. 2000).

Petitioner also fails to establish that any cognizable due process right was violated on these grounds. Prison disciplinary proceedings need only afford an inmate minimum due process protections that include giving an inmate "(1) written notice of the charges at least 24 hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."[1] *Staples v. Keffer*, 419 F. App'x 461, 462 (5th Cir. 2011). In his reply to Respondent's answer, Petitioner argues that he was deprived of "an opportunity to call witnesses and present a defense" because exonerating evidence was withheld from him. Docket No. 9 at 5–6 (citing *Wolf v. McDonnell*, 418 U.S. 539 (1974)). The evidence allegedly withheld from Petitioner was not fully exonerating, however. Morgan accepted responsibility for all the contraband and then withdrew his confession at his own hearing. Given the anonymity of the note, it was not sufficiently reliable to be fully exonerating either. And "[e]ven if [Petitioner] is correct that he was improperly denied the opportunity to call witnesses and present evidence in his defense,

---

[1] Even these protections need only be afforded to prison inmates when inmates are deprived of a protected liberty interest. *Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. 2013). Respondent does not dispute that Petitioner has a cognizable liberty interest in the good-time credits that he lost as a result of the disciplinary proceeding. Docket No. 7 at 5.

he must establish that he was prejudiced by the constitutional violation to obtain § 2241 relief." *Rand v. Chapa*, 788 F. App'x 957, 958 (5th Cir. 2019) (internal citations omitted). Petitioner essentially concedes the harmlessness of any deprivation by arguing "that the [disciplinary hearing officer] was in fact aware of exonerating evidence when the decision was issued," and thus the hearing officer would not have changed his mind because he was already aware of the Petitioner's unpresented evidence. Docket No. 9 at 1. Further, Petitioner does not argue that the evidence he raises would have changed the results of his disciplinary hearing, and the disciplinary hearing officer's own reasoning suggests that the evidence would not have changed his disposition. The disciplinary hearing officer considered the incident report and concluded that "because none of the inmates living in the cell were taking responsibility, all the inmates would be receiving an Incident report and found guilty." Docket No. 1-4 at 15. Even if the disciplinary hearing officer had been presented with the new evidence, that evidence would not have changed the fact that, at the time of Petitioner's hearing, "none of the inmates living in the cell were taking responsibility," which formed the basis for the disciplinary hearing officer's decision to impose disciplinary action on all the inmates living in the cell.

Besides these minimum due process requirements, Petitioner has no other cognizable liberty interest in having his grievances resolved to his satisfaction. *Staples*, 419 F. App'x at 463. The fact that the Bureau of Prisons grievance personnel did not overturn Petitioner's disciplinary conviction based upon Morgan's after-the-fact claim of ownership—after Morgan had denied owning the cell phones at his disciplinary hearing—does not show a constitutional violation, nor does it provide any basis for habeas corpus relief. This objection is without merit.

Fifth, Petitioner argues that the Magistrate Judge is overlooking "conflicting evidence" regarding Morgan's statements in which he claimed ownership. Docket No. 16 at 4. He argues that

the Magistrate Judge erred in stating that the Court cannot second-guess the credibility determinations made by prison officials. *Id.* (citing Docket No. 14 at 8). However, the Magistrate Judge did not err; he accurately set out the law. The Supreme Court has explained that federal courts are not required to examine the entire record, independently assess the credibility of witnesses, or re-weigh the evidence. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). Instead, the relevant question is whether there is any evidence in the record which could support the conclusion reached by the disciplinary hearing officer. *Id.* In this case, some evidence in the record supported the finding of guilt. Petitioner's objection on this point is without merit.

Sixth, Petitioner objects to the Magistrate Judge's conclusion that Petitioner's claimed inability to physically climb up to where the cell phones were hidden did not preclude a finding of constructive possession. Docket No. 16 at 5 (citing Docket No. 14 at 9). According to the Magistrate Judge, hypothetically, Petitioner could store an item of contraband above the top bunk simply by asking one of his cellmates for assistance. *Id.* Petitioner asserts that there is no evidence to support this hypothetical scenario. *Id.*

In discussing constructive possession, the Magistrate Judge correctly elucidated that "[a] person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises where the contraband is located." *Flannagan*, 2009 WL 649572, at *2. The record shows that Petitioner, along with his cellmates, had dominion or control over the premises where the contraband was found, providing some evidence for the determination of guilt based on a theory of constructive possession, regardless of the exact location where the contraband was stored. This objection is without merit.

Seventh, Petitioner asserts that he has a liberty interest in the grievance procedure when it pertains to his good conduct time, and that he has an interest in having his grievances resolved to his satisfaction when his hearing was conducted in violation of the law and Bureau of Prisons policy. Docket No. 16 at 5. As already explained, prison inmates are only entitled to minimum due process protections when challenging the result of a disciplinary proceeding. Petitioner has not adequately established that he suffered a cognizable violation of his due process rights. *See supra* at 8–9 (explaining why Petitioner has not set out a cognizable due process violation). And, as the Magistrate Judge correctly explained, Fifth Circuit precedent establishes that prisoners have no other protected liberty interest in prison grievance procedures or in having their grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *Cole v. Abbott*, 91 F. App'x 936, 937 (5th Cir. 2004); *Propes v. Mays*, 169 F. App'x 183, 184–85 (5th Cir. 2006). This objection is without merit.

Eighth, Petitioner argues that in light of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the Court is required to ensure that the disciplinary hearing officer is interpreting the law and applicable regulations, including 28 C.F.R. § 541.8(f), correctly. Docket No. 16 at 5. Petitioner further contends that the disciplinary hearing officer "abused [his] discretion and made an arbitrary ruling." *Id.*

*Loper Bright* overruled *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council Inc.*, 467 U.S. 837 (1984), which had required courts to defer to an agency's reasonable interpretation of an ambiguous statute. Under *Loper Bright*, courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous," but rather "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." 603 U.S. at 412–13. The Supreme Court explained that, under the Administrative Procedure Act, "courts, not agencies, will

decide '*all* relevant questions of law' arising on review of agency action . . . and set aside any such action inconsistent with the law as they interpret it." *Id.* at 392 (emphasis in original) (internal citations omitted) (quoting 5 U.S.C. § 706). The Act "prescribes no deferential standard for courts to employ in answering [] legal questions" and codifies for administrative law cases the "unremarkable . . . proposition . . . that courts decide legal questions by applying their own judgment." *Id.* at 391–92.

*Loper Bright* is inapposite. Section 541.8 is a regulation, not a statute. *Loper Bright* did not change the law with respect to the deference that a court owes to an agency's interpretation of the agency's own regulation. Moreover, Petitioner identifies no statutory authority that would mandate the Court to second-guess the credibility determinations made by the disciplinary hearing officer. Accordingly, Petitioner has failed to show that *Loper Bright* changes the standard of review applicable to judicial review of prison disciplinary proceedings. Petitioner's objections are without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (explaining that the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 14) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-captioned petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 10th day of September, 2025.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE